IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric A. Wigfall, Jr., <br><br>            Petitioner, <br>   v. <br><br>Sheriff Ritchee, <br><br>            Respondent. | Case No. 4:26-cv-00008-RMG <br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court dismiss Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, without prejudice and without requiring Respondent to file a return. (Dkt. No. 8). Petitioner has filed an objection to the R&R. (Dkt. No. 10). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Petitioner's habeas petition without prejudice and without requiring Respondent to file a return.

**I.    Background**

Petitioner, proceeding *pro se*, is a state detainee awaiting trial on four criminal charges. (Dkt. No. 8, at 2). He filed a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 requesting that the Court "investigate these matters" and "release [him] from the detention center." (Dkt. No. 1, at 7). The Magistrate Judge recommended summarily dismissing Petitioner's § 2241 petition based on the *Younger*[1] abstention doctrine. (Dkt. No. 8, at 3-4). Petitioner timely objected to the R&R. (Dkt. No. 10). This matter is ripe for disposition.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

II. **Legal Standard**

    A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

    B. **Pro Se Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

III. **Discussion**

As an initial matter, the Court notes that Petitioner does not appear to specifically object to any portion of the R&R. *See Diamond*, 416 F.3d at 315 (recognizing that in the absence of a specific objection, the district court need only review the record for clear error). *See also* Fed. R.

Civ. P. 72(b)(2) (requiring a party objecting to a Magistrate Judge's recommendation to file "specific written objections to the proposed findings and recommendations"). Nevertheless, the Court finds that the Magistrate Judge correctly determined that applying *Younger* abstention is appropriate here because (1) Petitioner is involved in ongoing state criminal proceedings, (2) those proceedings implicate important state interests, and (3) Petitioner has an adequate opportunity to raise his federal claims in the state proceedings. *See generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (setting forth the three *Younger* criteria in the context of a § 2241 petition) (citation omitted). Moreover, Petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See id*. at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm.") (citation omitted). Therefore, the Magistrate Judge correctly determined that Petitioner's § 2241 petition should be dismissed.

### IV.     Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In this case, the legal standard for the

issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

V.  **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of the Court, **DISMISSES** Petitioner's habeas petition (Dkt. No. 1) without prejudice and without requiring Respondent to file a return, and **DENIES** a certificate of appealability.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 24, 2026
Charleston, South Carolina